UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANKIE J. ADAMO,<br><br>    Plaintiff,<br><br>    v.<br><br>NEXTDOOR HOLDINGS, INC., et al.,<br><br>    Defendants. | Case No.   5:24-cv-01213-EJD<br><br>**ORDER REGARDING MOTIONS TO APPOINT LEAD PLAINTIFF AND COUNSEL**<br><br>Re: Dkt. Nos. 21, 31, 34 |

Plaintiff, Frankie J. Adamo ("Plaintiff"), brings this putative class action against Defendants Nextdoor Holdings, Inc., ("Nextdoor"), Nextdoor's former executives and founder ("Individual Defendants"), Khosla Ventures LLC ("Khosla Ventures"), and Khosla Ventures SPAC Sponsor II LLC ("KV SPAC Sponsor") (collectively, "Defendants") alleging violations of the Securities Exchange Act of 1934 ("SEC").

Before the Court are three[1] motions to appoint lead plaintiff and lead counsel filed by movants Keith Hollingsworth, Paul Stankewich, and Per Christensson ("Movants"). Mot. to Appoint Keith Hollingsworth for Appointment as Lead Pl. and Approval of Lead Counsel ("Hollingsworth Mot."), ECF No. 31;  Mot. to Appoint Paul Stankewich for Appointment as Lead Pl. and Approval of Lead Counsel ("Stankewich Mot."), ECF No. 21; Mot. to Appoint Per Christensson for Appointment as Lead Pl. and Approval of Lead Counsel ("Christensson Mot."), ECF No. 34.  Hollingsworth opposed Stankewich and Christensson's motions, and Stankewich and Christensson filed statements of non-opposition.  Opp'n to Stankewich Mot. and Christensson

---

[1] Former movants Brett Curtis and Greg Williamson withdrew their motions to appoint lead plaintiff and counsel.  ECF Nos. 37, 39.

Case No.:   5:24-cv-01213-EJD
ORDER REGARDING MOTIONS TO APPOINT LEAD PLAINTIFF AND COUNSEL

1

1   Mot. ("Opp'n"), ECF No. 40; Statement of Non-Opp'n Filed by Paul Stankewich ("Stankewich

2   Non-Opp'n"), ECF No. 37; Statement of Non-Opp'n Filed by Per Christensson ("Christensson

3   Non-Opp'n"), ECF No. 39.

4       After carefully reviewing the relevant documents, the Court finds this motion suitable for

5   decision without oral argument pursuant to Local Rule 7-1(b). Based on the following reasons,

6   the Court **GRANTS** Hollingsworth's motion and **DENIES** Stankewich and Christensson's

7   motions.

8   **I.    BACKGROUND**

9       This case arises out of Defendants' alleged misrepresentations and omissions regarding

10  Nextdoor's revenue projections prior to its merger with former company, Khosla Ventures

11  Acquisition Co. II ("KV Acquisition"). *See* Compl.

12      Nextdoor operates a social networking platform that creates an online community for

13  neighbors, public agencies, and businesses in a certain locale. *Id.* ¶ 27. The company generates

14  nearly all revenues through advertising sales. *Id.* ¶ 28. Nextdoor experienced significant revenue

15  growth during the initiation of the COVID-19 pandemic in 2020, when their weekly active users

16  spiked nearly 37%. *Id.* ¶ 31. Plaintiff alleges that this revenue growth led to the merger with KV

17  Acquisition. *Id.* ¶ 32.

18      KV Acquisition was a special purpose acquisition company, also referred to as a "blank

19  check company," meaning that KV Acquisition did not initially have a business of its own, but it

20  raised money from investors in an initial public offering ("IPO") and then used the proceeds to

21  acquire other businesses or operational assets. *Id.* ¶ 20. A few Individual Defendants, along with

22  Defendants Khosla Ventures, a venture capital firm, and KV SPAC Sponsor, a blank check

23  sponsor, together formed KV Acquisition. *Id.* ¶ 20.

24      On July 6, 2021, KV Acquisition and Nextdoor announced their plans to merge, which

25  would make Nextdoor a publicly traded company. *Id.* ¶¶ 26, 36. After announcing the merger

26  plan, but before KV Acquisition's shareholders voted to approve the merger, Plaintiff alleges that

27  Defendants made a series of public statements regarding their expectations of revenue growth and

28  Case No.: 5:24-cv-01213-EJD
ORDER REGARDING MOTIONS TO APPOINT LEAD PLAINTIFF AND COUNSEL
2

1  continued increases in their weekly active users. *E.g., id.* ¶¶ 41–83.

2        The merger closed on November 5, 2021, and on March 1, 2022, Nextdoor reported its

3  financial results for the fourth quarter of the 2021 year, the same quarter that the merger closed.

4  *Id.* ¶ 39. The company reported that its weekly active users had dropped substantially, and the

5  revenue growth in the fourth quarter had declined by 18–48% year-over-year. *Id.* ¶ 39. Following

6  this news, the price of Nextdoor common stock declined approximately 14% between March 1 and

7  March 4. *Id.* The stock continued to decline in the next three quarters. *Id.* ¶ 40.

8        Plaintiff alleges that Nextdoor's 2020 revenue spike was the temporary result of users

9  wanting to virtually connect with their communities during the COVID-19 pandemic shelter-in-

10  place mandates, and the Individual Defendants' public statements made between the merger

11  announcement and the shareholders' vote constituted material misrepresentations and omissions

12  regarding the reality of Nextdoor's revenue projections. *See id.* Plaintiff brings this action on

13  behalf of a class ("the Class") of all purchasers of Nextdoor's publicly traded Class A common

14  stock between July 6, 2021, and November 8, 2022 ("the Class Period"). *Id.* ¶ 1.

## II. LEGAL STANDARD

      Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." There is a rebuttable presumption that the most adequate plaintiff is a person or group of persons who: (1) has either filed the complaint or made a motion in response to a notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23, particularly the typicality and adequacy requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). The presumption may be rebutted only upon proof that the most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Case No.: 5:24-cv-01213-EJD
ORDER REGARDING MOTIONS TO APPOINT LEAD PLAINTIFF AND COUNSEL
3

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." A court will generally accept the lead plaintiff's choice of counsel unless it appears necessary to appoint different counsel to "protect the interests of the class." *Kim v. Advanced Micro Devices, Inc.*, No. 5:18-CV-00321-EJD, 2018 WL 2866666, at *2 (N.D. Cal. June 11, 2018).

## III. DISCUSSION

Hollingsworth is the only movant with an unopposed motion for appointment of lead plaintiff and lead counsel. *See* Hollingsworth Opp'n; Stankewich Non-Opp'n; Christensson Non-Opp'n. While Hollingsworth opposed Stankewich and Christensson's motions, Stankewich and Christensson filed statements recognizing that they did not have the largest financial interest compared to the other Movants, but they still assert their ability to serve as lead plaintiff should the need arise. *Id.*

### A. Lead Plaintiff

As the only unopposed Movant in this case, the Court finds that Hollingsworth has met PSLRA's three criteria for appointment as lead plaintiff.

First, Hollingsworth timely filed the present motion and submitted the requisite sworn certification. *See* Hollingsworth Mot. 12; Certification Pursuant to Fed. Securities Laws, ECF No. 31-4.

Second, Hollingsworth alleges that he purchased 55,000 net shares and lost approximately $219,078. Hollingsworth Mot. 14. This was the highest financial stake of any Movant by approximately $41,000. *See* Hollingsworth Opp'n 2.

Third, Hollingsworth satisfies the requirements of Federal Rule of Civil Procedure 23, specifically the typicality and adequacy requirements. *In re Cavanaugh*, 306 F.3d at 730. Hollingsworth represents that his securities claims are identical to those of the Class—every Class member purchased Nextdoor Class A common stock during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations and/or omissions. Hollingsworth Opp'n 16. Hollingsworth also represents that his interests are aligned with the Class—there is no

evidence of antagonism or conflict, his amount of loss gives him a sufficient stake in the outcome of litigation, and he has declared his commitment to protect interests of the Class.  Decl. of Keith Hollingsworth, ECF No. 31-5.

Accordingly, the Court finds that Hollingsworth has satisfied the preliminary showing under the PSLRA and is entitled to the presumption of the most adequate plaintiff in this PSLRA action.  The Court has also received no opposition or attempts to rebut this presumption.  Therefore, the Court **GRANTS** Hollingsworth's motion for appointment as lead plaintiff.

### B. Lead Counsel

Hollingsworth has selected Pomerantz LLP as lead counsel for the putative Class. Hollingsworth Decl. ¶ 1.  No parties have objected to Hollingsworth's selection of Pomerantz LLP as lead counsel, and the Court is unaware of any need to appoint different counsel to protect the interests of the Class.  The Court has reviewed the firm's and attorneys' resumes and is satisfied with Hollingsworth's selection of counsel.  *See* Pomerantz LLP Firm Resume, ECF No. 31-6. Accordingly, the Court **APPROVES** Hollingsworth's selection of Pomerantz LLP as lead counsel.

## IV. CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Hollingsworth's motion as follows:

1. Hollingsworth (hereinafter, "Lead Plaintiff") is **APPOINTED** as Lead Plaintiff;
2. Pomerantz LLP (hereinafter, "Lead Counsel") is **APPOINTED** as Lead Counsel; and
3. All other motions to appoint lead plaintiff and lead counsel are **DENIED**.

**IT IS FURTHER ORDERED** that Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel with whom Lead Counsel shall designate:

1. to coordinate the briefing and argument of any and all motions;
2. to coordinate the conduct of any and all discovery proceedings;
3. to coordinate the examination of any and all witnesses in depositions;
4. to coordinate the selection of counsel to act as spokesperson at all pretrial

conferences;

5. to call meetings of the plaintiff's counsel as they deem necessary and appropriate;

6. to coordinate all settlement negotiations with counsel for defendants;

7. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

8. to coordinate the preparation and filings of all pleadings; and

9. to supervise all other matters concerning the prosecution or resolution of the claims asserted in this action.

**IT IS FURTHER ORDERED** that no motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of the Lead Counsel.

**IT IS FURTHER ORDERED** that service upon any plaintiff of all pleadings, motions, or other papers in this action, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Lead Counsel.

**IT IS FURTHER ORDERED** that Lead Counsel shall be the contact between plaintiff's counsel and defendants' counsel, as well as the spokespersons for all plaintiff's counsel, and shall direct and coordinate the activities of plaintiff's counsel. Lead Counsel shall be the contact between the Court and plaintiff and his counsel.

**IT IS SO ORDERED.**

Dated: July 12, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:24-cv-01213-EJD
ORDER REGARDING MOTIONS TO APPOINT LEAD PLAINTIFF AND COUNSEL
6