COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
SHANNON M. EAGAN (212830)
(seagan@cooley.com)
TIJANA M. BRIEN (286590)
(tbrien@cooley.com)
ANDREW C. JOHNSON (322069)
(acjohnson@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:     +1 650 843 5000
Facsimile:     +1 650 849 7400

Attorneys for Defendants
Nextdoor Holdings, Inc., Sarah J. Friar,
and Michael Doyle

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE J. ADAMO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NEXTDOOR HOLDINGS, INC., SARAH J. FRIAR, MICHAEL DOYLE, VINOD KHOSLA, SAMIR KAUL, PETER BUCKLAND, KHOSLA VENTURES LLC, and KHOSLA VENTURES SPAC SPONSOR II LLC,<br><br>Defendants. | Case No. 5:24-cv-01213-EJD<br><br>**CLASS ACTION**<br><br>**NEXTDOOR DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF NEXTDOOR DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**<br><br>Date: March 20, 2025<br>Time: 9:00 AM<br>Courtroom: 4<br>Judge: Hon. Edward J. Davila |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

## I.   INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Nextdoor Holdings, Inc. ("Nextdoor" or the "Company"), Sarah J. Friar, and Michael Doyle (collectively, "Nextdoor Defendants") respectfully request that this Court consider the twenty-seven documents identified below in support of the Nextdoor Defendants' Motion to Dismiss (the "Motion") the Amended Class Action Complaint (the "Complaint"), which are attached as Exhibits 1-27 to the Declaration of Andrew C. Johnson in Support of Defendants' Motion (the "Johnson Declaration"), filed concurrently herewith.

Sixteen of these twenty-seven documents are extensively cited in and/or form the basis of Plaintiff's Complaint and are therefore incorporated by reference in the Complaint, and all of the exhibits are proper subjects of judicial notice.  Eight of these exhibits contain statements that Plaintiff claims were false and misleading and are therefore necessary to allow the Court to view each alleged misstatement in context.  Another eight exhibits form the basis of Plaintiff's claims and are therefore incorporated by reference.  The remaining eleven exhibits are proper subjects of judicial notice—in addition to the documents incorporated by reference, which are also the proper subjects of judicial notice.

As set forth in the chart provided in Section II, these documents include: Khosla Ventures Acquisition Co. II's ("KVSB") public filings with the Securities and Exchange Commission ("SEC"); a transcript of Nextdoor Private's investor call; a transcript from Nextdoor Private's investor day; the Company's public filings with the SEC; transcripts from the Company's quarterly earnings calls; analyst reports covering Nextdoor; a historical stock price chart for Nextdoor; and, Form 4 filings with the SEC by Ms. Friar and Mr. Doyle.  Consideration of all twenty-seven exhibits provides the Court with important context about what information was disseminated to the market and places the statements challenged in the Complaint in the context in which they were made.  For the reasons set forth in this Request for Judicial Notice, the Court is required under *Tellabs* to consider these documents in evaluating the adequacy of the Complaint.  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

NEXTDOOR DEFENDANTS' RJN ISO MTD
AMENDED COMPLAINT
CASE NO. 5:24-CV-01213-EJD

## II.    DOCUMENTS SUBJECT TO THIS REQUEST[1]

| Exhibit | Description | Basis | ¶¶ |
|---|---|---|---|
| 1 | KVSB Proxy Statement on Form 424(b)(3) filed with the SEC on October 21, 2021. | IBR; JN | 82, 83, 128, 130, 146 |
| 2 | Nextdoor Holdings, Inc. Form 10-K for the year ended December 31, 2021 filed with the SEC on March 15, 2022. | IBR; JN | 95 |
| 3 | KVSB Form 8-K filed with the SEC on July 6, 2021 that included the July 6, 2021 press release, July 6, 2021 investor presentation, and disclosure of risk factors. | IBR; JN | 36, 42, 51, 52, 67, 110 |
| 4 | Nextdoor Holdings, Inc. Form 10-Q for the first quarter ended March 31, 2021 filed with the SEC on May 10, 2022. | IBR; JN | 96, 99, 132, 156 |
| 5 | Nextdoor Holdings, Inc. Form 10-Q for the second quarter ended June 30, 2022 filed with the SEC on August 9, 2022. | IBR; JN | 102,134, 158 |
| 6 | Nextdoor Holdings, Inc. Form 10-Q for the third quarter ended September 30, 2022 filed with the SEC on November 8, 2022. | IBR; JN | 107, 160 |
| 7 | Nextdoor Holdings, Inc. Form 8-K filed on March 1, 2022. | IBR; JN | 49, 90, 154 |
| 8 | Nextdoor Holdings, Inc. Form 8-K filed on May 10, 2022. | IBR; JN | 98 |
| 9 | Nextdoor Holdings, Inc. Form 8-K filed on August 9, 2022. | IBR; JN | 104 |
| 10 | Nextdoor Holdings, Inc. Form 8-K filed on November 8, 2022. | JN | - |
| 11 | Transcript from July 6, 2021 investor conference call. | IBR; JN | 67, 112 |
| 12 | KVSB Form 425 filed with the SEC on July 6, 2021 containing an interview with correspondent from CNBC. | IBR; JN | 75, 118 |
| 13 | KVSB Form 425 filed with the SEC on July 9, 2021 containing transcript of interview with Cheddar News. | IBR; JN | 77, 120 |

---

[1] Attached to the Johnson Declaration are true and correct copies of each exhibit, highlighted for the Court's convenience.  Some are excerpted.  All references to "¶" refer to the Complaint. "Basis" refers to the reason the document should be considered by the Court: either through incorporation by reference ("IBR") or judicial notice ("JN").

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

NEXTDOOR DEFENDANTS' RJN ISO MTD
AMENDED COMPLAINT
CASE NO. 5:24-CV-01213-EJD

| Exhibit | Description | Basis | ¶¶ |
|---|---|---|---|
| 14 | Transcript from September 20, 2021 investor day conference call. | IBR; JN | 45, 78, 122 |
| 15 | Transcript from May 10, 2022 earnings call. | IBR; JN | 100, 132 |
| 16 | Transcript from August 9, 2022 earnings call. | IBR; JN | 106, 134 |
| 17 | Morgan Stanley March 2, 2022 Analyst Report. | JN | - |
| 18 | Evercore ISI March 1, 2022 Analyst Report. | JN | - |
| 19 | Truist March 29, 2022 Analyst Report. | JN | - |
| 20 | Morgan Stanley May 11, 2022 Analyst Report. | IBR; JN | 96, 156 |
| 21 | Truist August 9, 2022 Analyst Report. | JN | - |
| 22 | Morgan Stanley August 10, 2022 Analyst Report. | JN | - |
| 23 | Evercore ISI August 9, 2022 Analyst Report. | JN | - |
| 24 | Morgan Stanley November 9, 2022 Analyst Report. | JN | - |
| 25 | Truist November 9, 2022 Analyst Report. | JN | - |
| 26 | A chart showing Nextdoor Holdings, Inc.'s stock price from November 9, 2021 to November 10, 2022, published by Yahoo Finance as of November 5, 2024. | JN | 49, 91, 97, 103, 108, 155, 157, 159, 161 |
| 27 | Form 4 Statements of Changes in Beneficial Ownership for Sarah Friar and Michael Doyle reporting transactions reflecting stock option exercises from July 6, 2021 through November 8, 2022, filed with the SEC. | JN | - |

## III.   ARGUMENT

Before the Court is the Nextdoor Defendants' Motion to Dismiss securities fraud claims under Sections 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934, governed by the Private Securities Litigation Reform Act ("PSLRA").  When ruling on a motion to dismiss securities fraud claims under the PSLRA, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs*, 551 U.S. at 322; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2016) (quoting same).  It is therefore appropriate for the Court here to consider Exhibits 1 through 27—KVSB and Nextdoor public filings with the SEC, transcripts from

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

NEXTDOOR DEFENDANTS' RJN ISO MTD
AMENDED COMPLAINT
CASE NO. 5:24-CV-01213-EJD

the Company's earnings calls and conferences, analyst reports, a historical stock price chart , and, Form 4 filings with the SEC—in deciding the Motion to Dismiss as they are all incorporated by reference into the Complaint or are the proper subject of judicial notice, or both.

### A.   The Court May Consider Exhibits 1-9, 11-16, and 20 As Incorporated into the Complaint.

The incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002.  A document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Even where a plaintiff references only a short excerpt of the document, the document may be incorporated by reference if the plaintiff's "claim necessarily depend[s] on [the document]." *Khoja*, 899 F.3d at 1002.  The incorporation by reference doctrine exists to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id*.  "'Once a document is deemed incorporated by reference, the entire document is assumed to be true for the purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents.'" *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (quoting *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F.Supp.2d 1092, 1107 (E.D. Wash. 2013)).  Here, the Complaint selectively references, paraphrases, or quotes from Exhibits 1-9, 11-16, and 20 to form the basis of Plaintiff's claims, and thus the Court must consider these exhibits in deciding the Nextdoor Defendants' Motion to Dismiss under the incorporation by reference doctrine.

First, Exhibits 1-9, 11-16, and 20 are incorporated into the Complaint as Plaintiff selectively quotes and repeatedly relies on these documents to support his claims.  Defendants provide the full text so the Court may consider Plaintiff's citations and allegations in context.  *See, e.g.*, *Khoja*, 899 F.3d at 1002 (holding plaintiff cannot select "only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."); *In re Silicon Storage Tech., Inc. Sec. Litig.*, 2006 WL 648683, at *2 (N.D. Cal. Mar. 10, 2006) ("[i]f a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5

NEXTDOOR DEFENDANTS' RJN ISO MTD
AMENDED COMPLAINT
CASE NO. 5:24-CV-01213-EJD

to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support [Plaintiffs'] claim.").

Second, Plaintiff claims that cherry-picked statements taken from Exhibits 1, 3, 11, 12, 13, 14, 15, and 16 were materially false or misleading, "and they therefore form the basis of [Plaintiff's] claims." *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020). Exhibit 1 is the Proxy Statement filed by KVSB on October 21, 2021. Plaintiff alleges that Defendants made false and misleading statements in the Proxy Statement. ¶¶ 82-83, 128, 130, 146. Exhibits 3, 12, and 13 are KVSB 8-K and Form 425 SEC filings during the Class Period. Plaintiff alleges that Defendants made false and misleading statements in these SEC filings. ¶¶ 36, 42, 51-52, 67, 75, 77, 112, 118. Exhibits 11 and 14-16 are transcripts of the July 6 and September 20, 2021 investor calls as well as transcripts of Nextdoor's May 10, 2022 (Q1 2022) and August 9, 2022 (Q2 2022) public earnings call. Plaintiffs allege that Defendants made false and misleading statements during these investor and earnings calls. ¶¶ 45, 67, 78, 100, 106, 112, 122, 132, 134. Because these documents contain the alleged false and misleading statements, which must be considered in context, *Khoja*, 899 F.3d at 1002, they are incorporated by reference into the Complaint and should be considered by the Court in their entirety. *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (incorporating by reference press release and Form 10-Q that contained "[s]everal of the allegedly false statements"); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1408 (9th Cir. 1996) (citing *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1414 (9th Cir. 1994)).

Third, Exhibits 2, 4-9, and 20 are properly incorporated by reference as they are referenced extensively throughout the Complaint in support of Plaintiff's claims. Exhibits 2, 4-9, and 20 consist of Nextdoor's 2021 10-K and 2022 10-Qs filed with the SEC, 8-Ks filed with the SEC by Nextdoor, and an analyst report. Plaintiffs quote or paraphrase these documents in the Complaint to plead falsity and loss causation under the PSLRA. For example, the Complaint quotes and references the quarterly and annual financial statements filings to claim there was an allegedly "startling deterioration in Nextdoor's WAUs during the [first] quarter [of 2022]." *See, e.g.*, ¶¶ 96, 154, 156, 158, 160. The cited documents, however, show just the opposite—Nextdoor meeting its guidance. The Complaint also cherry-picks a quote from an analyst report in an effort to support

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6

NEXTDOOR DEFENDANTS' RJN ISO MTD
AMENDED COMPLAINT
CASE NO. 5:24-CV-01213-EJD

falsity and loss causation. *Id*. at ¶¶ 96, 156. A full review of the analyst report, however, shows that the Company's reported revenue was "*better* than expected . . . ." (Ex. 20 at 1); *see Veal v. LendingClub Corp.*, 423 F. Supp. 3d 785, 802 (N.D. Cal. 2019) (taking judicial notice of documents referenced in the complaint). These exhibits "therefore form the basis of plaintiff's claims[,]"*Apple*, 2020 WL 2857397, at *5, and should be incorporated by reference to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002; *see also Smith v. NetApp, Inc.*, 2021 WL 1233354, at *3 (N.D. Cal. Feb. 1, 2021) (holding falsity documents "are properly incorporated by reference because Plaintiff uses them to demonstrate falsity."); *City of Sunrise Firefighters' Pension Fund v. Oracle Corp.,* 2019 WL 6877195, at *19 (N.D. Cal. Dec. 17, 2019) (incorporation by reference appropriate when complaint "refers extensively to the document").

For the reasons identified above, it is crucial that the Court consider all of these documents in their entirety when ruling on the Motion to Dismiss.

**B.     The Court May Take Judicial Notice of Exhibits 1-27 as Publicly Available Documents.**

Exhibits 1-27 may be considered in ruling on the Motion as they are proper subjects of judicial notice. Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Unlike documents incorporated by reference, judicial notice extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820 (C.D. Cal. 1998) (emphasis added); *see also Wong v. Arlo Techs., Inc.*, 2019 WL 7834762, at *4 (N.D. Cal. Dec. 19, 2019). Courts may take judicial notice of "publicly available financial documents[,] such as SEC filings[,]" and "publicly available articles or other news releases of which the market was aware." *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (courts may consider "any matter subject to judicial notice, such as SEC filings" on a motion to dismiss); *Apple*, 2020 WL

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7

**NEXTDOOR DEFENDANTS' RJN ISO MTD
AMENDED COMPLAINT
CASE NO. 5:24-CV-01213-EJD**

2857397, at *6 (same). Courts routinely take judicial notice of SEC filings, analyst reports, and other public information (*e.g.*, publicly available stock prices) for the purpose of showing what information was available to the stock market and when. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (explaining judicial notice proper to "indicate what was in the public realm at the time," regardless of "whether the contents of those [documents] were in fact true."); *Apple*, 2020 WL 2857397, at *6 (taking judicial notice of Yahoo Finance report because "closing stock price is public information 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"); *In re Finisar Corp. Derivative Litig.*, 542 F. Supp. 2d 980, 989 n.4 (N.D. Cal. 2008) (same).

**SEC Filings (Exhibits 1-10, 12-13, 27)**. Judicial notice of these materials is appropriate "for the purpose of determining what was disclosed to the market." *In re Aqua Metals, Inc. Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019) (taking judicial notice of SEC filings and press releases). Indeed, in securities fraud cases, courts routinely take judicial notice of publicly available SEC filings. *See*, *e.g.*, *Welgus*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017) (taking notice of SEC filings, including Form 10-K, for "the fact of their existence, and not of the truth of the matters asserted therein"); *Costanzo v. DXC Tech. Co.*, 2020 WL 4284838, at *4 (N.D. Cal. July 27, 2020) (taking notice of SEC filings); *Metzler Inv. GMBH v. Corinthian Colleges, Inc.,* 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (noting SEC filings proper subject of judicial notice). Here, Exhibits 1-10 and 12-13 are public filings with the SEC that are properly subject to judicial notice: KVSB Proxy Statement and Prospectus filed with the SEC on Form 424B3, KVSB Forms 8-K, KVSB Forms 425, Nextdoor Forms 8-K,[2] Nextdoor Form 10-K, and Nextdoor Forms 10-Q. *See Hurst v. Enphase Energy, Inc.*, 2021 WL 3633837, at *3 (N.D. Cal.

---

[2] In addition, regarding press releases attached to Nextdoor's Form 8-Ks, "[c]ourts in the Ninth Circuit routinely take judicial notice of press releases." *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012); *see also Costanzo*, 2020 WL 4284838, at *3 (granting judicial notice of the company's press release); *Veal*, 2020 WL 3128909, at *5 (same); *Wong*, 2019 WL 7834762, at *4 (same).

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8

NEXTDOOR DEFENDANTS' RJN ISO MTD
AMENDED COMPLAINT
CASE NO. 5:24-CV-01213-EJD

Aug. 17, 2021) (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005)) (taking judicial notice of company's SEC filings because they are "matters of public record, not subject to reasonable dispute, and available from sources whose accuracy cannot reasonably be questioned—the SEC's public website").

In addition, Ms. Friar and Mr. Doyle's Statements of Changes in Beneficial Ownership filed with the SEC on Form 4s, Exhibit 27, are also properly subject to judicial notice because Plaintiff alleges that Ms. Friar and Mr. Doyle "stood to profit financially" due to their stock options. ¶146. "Forms 4s filed with the SEC are appropriate subjects of judicial notice" *See Veal v. LendingClub Corp.,* 423 F. Supp. 3d 785, 803 (N.D. Cal. 2019) (Forms 4s filed with the SEC are appropriate subjects of judicial notice); *Westley v. Oclaro, Inc.*, 897 F. Supp. 2d 902, 929 (N.D. Cal. 2012) (taking judicial notice of SEC Form 4 submissions); *In re Leapfrog Enter., Inc. Sec. Litig.*, 237 F. Supp. 3d 943, 952-53 (N.D. Cal. 2017) (same).[3]

**Transcripts (Exhibits 11, 14-16)**.  The Court may also take judicial notice of publicly available transcripts of earnings calls and conferences.  *In re Extreme Networks, Inc. Sec. Litig.,* 2018 WL 1411129, at *10 (N.D. Cal. Mar. 21, 2018) (granting judicial notice of transcripts of conference calls); *Wong*, 2019 WL 7834762, at *4 (granting judicial notice of company's earnings calls).  Exhibits 11 and 14-16 are publicly available transcripts that the Court should take judicial notice of to "indicate what was in the public realm at the time." *Von Saher*, 592 F.3d at 960; *Jui-Yang Hong v. Extreme Networks, Inc*., 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (taking judicial notice of press releases and conference call transcripts "for the purposes of demonstrating what was disclosed to investors"); *In re Facebook, Inc. Sec. Litig*., 405 F.Supp.3d 809, 827 (N.D. Cal. 2019), *aff'd in part, rev'd in part and remanded*, 87 F.4th 934 (9th Cir. 2023)  (judicial notice

---

[3] Exhibits 1-9, 12-13 also form the basis of Plaintiff's claims as Plaintiff challenges statements made in these SEC filings, and therefore are also admissible under the incorporation by reference doctrine.  *See* supra § III.A.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9

NEXTDOOR DEFENDANTS' RJN ISO MTD
AMENDED COMPLAINT
CASE NO. 5:24-CV-01213-EJD

appropriate for publicly available transcripts of conference calls).[4]

**Analyst Reports (Exhibits 17-25)**.  Courts "routinely take judicial notice of analyst reports," not for the truth of the matter, but to determine what the market was aware of and "what was or was not discussed in the public realm." *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011); *Apple*, 2020 WL 2857397, at *6 (taking judicial notice of analyst reports for the purpose of showing "whether and when certain information was provided to the market"); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc*., 2013 WL 6441843, at *5 (N.D. Cal. Dec. 9, 2013) (taking judicial notice of analyst reports).  Exhibits 17-25 are publicly available analyst reports that the Court should take judicial notice of "to establish 'whether and when certain information was provided to the market.'" *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) (citing *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007)).[5]

**Stock Price Chart (Exhibit 26).**  Exhibit 26 is a publicly available chart of Nextdoor's stock price from November 9, 2021 to November 10, 2022 that the Court should judicially notice.  Plaintiffs cannot reasonably dispute its authenticity, and it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *In re Nektar Therapeutics*, 2020 WL 3962004, at *8 (N.D. Cal. July 13, 2020) (internal quotations omitted) (granting request for judicial notice of historical stock price chart); *Apple*, 2020 WL 2857397, at *6 (same); *Finisar*, 542 F. Supp. 2d at 989 n.4 (same).

---

[4] Exhibits 11, 14-16 also form the basis of Plaintiff's claims as Plaintiff challenges statements made in these transcripts, and therefore they are also admissible under the incorporation by reference doctrine.  *See* supra § III.A.

[5] Exhibit 20 also forms the basis of Plaintiff's claims as Plaintiff relies on this analyst report in support of its falsity claim, and therefore it is also admissible under the incorporation by reference doctrine.  *See* supra § III.A.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10

NEXTDOOR DEFENDANTS' RJN ISO MTD
AMENDED COMPLAINT
CASE NO. 5:24-CV-01213-EJD

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court consider Exhibits 1-9, 11-16, 20, and 26 under the incorporation by reference doctrine and/or take judicial notice of Exhibits 1-27.

Dated:    November 12, 2024                    COOLEY LLP


By:    _/s/ Shannon M. Eagen_
          Shannon M. Eagan

_Attorneys for Defendants_
_Nextdoor Holdings, Inc., Sarah J. Friar, and_
_Michael Doyle_

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO