LATHAM & WATKINS LLP
    Colleen C. Smith (CA Bar No. 231216)
    (colleen.smith@lw.com)
    Anastasia Pyrinis (CA Bar No. 352395)
    (anastasia.pyrinis@lw.com)
12670 High Bluff Drive
San Diego, CA 92130
Phone: 1.858.523.5400
Fax: 1.858.523.5450

LATHAM & WATKINS LLP
    Daniel R. Gherardi (CA Bar No. 317771)
    (daniel.gherardi@lw.com)
140 Scott Drive
Menlo Park, CA 94025
Phone: 1.650.328.4600
Fax: 1.650.463.2600

LATHAM & WATKINS LLP
    Tina Jensen (CA Bar No. 331764)
    (tina.jensen@lw.com)
650 Town Center Drive, Suite 2000
Costa Mesa, CA 92626
Phone: 1.714.755.8125
Fax: 1.714.755 8290

*Attorneys for Defendants Vinod Khosla, Samir Kaul, Peter Buckland, Khosla Ventures LLC, and Khosla Ventures SPAC Sponsor II LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FRANKIE J. ADAMO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NEXTDOOR HOLDINGS, INC., SARAH J. FRIAR, MICHAEL DOYLE, VINOD KHOSLA, SAMIR KAUL, PETER BUCKLAND, KHOSLA VENTURES LLC, and KHOSLA VENTURES SPAC SPONSOR II LLC, <br><br> Defendants. | CASE NO.  5:24-cv-01213-EJD <br><br> **KHOSLA DEFENDANTS' REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT** <br><br> Date:        March 20, 2025 <br> Time:        9:00 a.m. <br> Courtroom:  4 <br> Judge:       Hon. Edward J. Davila |

## I.    INTRODUCTION

Defendants Vinod Khosla, Samir Kaul, Peter Buckland, Khosla Ventures LLC, and Khosla Ventures SPAC Sponsor II LLC (collectively, "Khosla Defendants") request that the Court consider the documents attached to the Declaration of Colleen C. Smith ("Smith Declaration") filed concurrently with Khosla Defendants' Motion to Dismiss ("Motion to Dismiss") Plaintiff's Amended Class Action Complaint ("Amended Complaint" or "AC").

1.  **Exhibit A** – a true and correct copy of Khosla Ventures Acquisition Co. II's Final Initial Public Offering Prospectus ("IPO Prospectus"), dated March 23, 2021, which was filed with the United States Securities and Exchange Commission ("SEC") on March 25, 2021, and is publicly available on the SEC website at www.sec.gov/edgar.

2.  **Exhibit B** – a true and correct copy of Khosla Ventures Acquisition Co. II's Proxy Statement ("Proxy"), which was filed with the SEC on October 21, 2021, and is publicly available on the SEC website at www.sec.gov/edgar. *See also* Nextdoor Defendants' Exhibit 1.

3.  **Exhibit C** – a true and correct copy of Khosla Ventures Acquisition Co. II's November 2, 2021 Form 8-K discussing the special meeting of stockholders held on that same date to vote on the proposed business combination of Khosla Ventures Acquisition Co. II and Nextdoor, Inc. ("Nextdoor"), which was filed with the SEC on November 3, 2021 ("11/3/21 Form 8-K") and is publicly available on the SEC website at www.sec.gov/edgar.

4.  **Exhibit D** – a true and correct copy of excerpts of Khosla Ventures Acquisition Co. II's July 6, 2021 Form 8-K, including the Nextdoor, Inc. and Khosla Ventures Acquisition Co. II Investor Conference Call Presentation attached thereto as Ex. 99.2 ("July 2021 Investor Presentation"), which was filed with the SEC on July 6, 2021, and is publicly available on the SEC website at www.sec.gov/edgar. *See also* Nextdoor Defendants' Exhibit 3.

5.  **Exhibit E** – a true and correct copy of the transcript from a July 6, 2021 "Squawk on the Street" interview of Mr. Khosla and Nextdoor Inc.'s CEO Sarah Friar, which was filed with the SEC on July 6, 2021, and is publicly available on the SEC website at www.sec.gov/edgar. *See also* Nextdoor Defendants' Exhibit 12.

6.  **Exhibit F** – a true and correct copy of a Form 4 for Mr. Khosla, filed with the SEC on November 9, 2021, which is publicly available on the SEC website at www.sec.gov/edgar.

These documents are properly considered by the Court because they are (1) incorporated by reference into the Complaint, and (2) are otherwise subject to judicial notice. Plaintiff alleges that Defendants made materially false or misleading statements, including as contained in the

Exhibits above.  These documents are therefore incorporated by reference into the Amended Complaint.  Each Exhibit is also independently subject to judicial notice under Federal Rule of Evidence 201 because they (1) are matters of public record or available in the public domain and (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

## II.    LEGAL STANDARD

In ruling on a motion to dismiss, a court may consider "materials incorporated into the complaint by reference, and matters of which the court may take judicial notice."  *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

The doctrine of incorporation by reference "treats certain document as though they are part of the complaint itself."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  A document incorporated by reference is considered "part of the complaint" and the Court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted).  This "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  *Khoja*, 899 F.3d at 1002.  A document is incorporated by reference in a pleading "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.*; *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (considering documents cited throughout complaint); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066-67 (N.D. Cal. 2010) (holding that SEC filings forming the basis of plaintiff's claims were incorporated by reference into complaint); *In re CNET Networks, Inc. S'holder Deriv. Litig.*, 483 F. Supp. 2d 947, 953 (N.D. Cal. 2007) ("On considering a motion to dismiss, judicial notice of the full text of documents referenced in a complaint is proper under the doctrine of incorporation by reference.").

Additionally, the Court may take judicial notice of matters that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Public records, such as SEC filings, are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a securities case." *See In re Extreme Networks, Inc. S'holder Deriv. Litig.*, 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (holding courts may consider "any matter subject to judicial notice, such as SEC filings" in ruling on a motion to dismiss).

## III.  ARGUMENT

### A.  Exhibits A through E Are Incorporated By Reference In The Amended Complaint

Plaintiff references, quotes, and relies on each of the Exhibits attached to the Smith Declaration in his Amended Complaint. *See, e.g.*, AC ¶¶ 32-33, 52-55, 75, 82-83, 87, 110-111, 128-31, 146, 181. Indeed, Plaintiff bases certain of his allegations about material misrepresentations on the contents of the Exhibits.

1. **Exhibit A**, the IPO Prospectus – Plaintiff relies on Exhibit A for allegations related to Khosla Ventures Acquisition Co. II and its membership, leadership, the collective experience of its management team, and its goal of targeting a "highly differentiated" business to take public, *see id.* ¶¶ 32-33.

2. **Exhibit B**, the Proxy – Plaintiff alleges that Exhibit B contains purportedly false and misleading statements about Nextdoor's market size, growth potential, and user engagement metrics on which he bases his claims under the Securities Exchange Act of 1934 ("Exchange Act"), *see, e.g.*, *id.* ¶¶ 82-83, 128-31, 181.

3. **Exhibit C**, the 11/3/21 Form 8-K – Plaintiff refers to Exhibit C for his allegations related to shareholder approval of the Merger at a special meeting held on November 2, 2021, and that the Merger was completed on November 5, 2021, *see id.* ¶ 47.

4. **Exhibit D**, the 7/6/21 Form-8-K – Plaintiff alleges that the July 2021 Investor Presentation attached as Ex. 99.2 in Exhibit D contains purportedly false and misleading statements about Nextdoor's market size, growth potential, and user engagement metrics on which he bases his Exchange Act claims, *see, e.g.*, *id.* ¶ 52-55, 110-111.

5. **Exhibit E**, the CNBC interview transcript – Plaintiff alleges that Exhibit E contains purportedly false and misleading statements about Nextdoor's growth potential on which he bases his Exchange Act claims, *see, e.g.*, *id.* ¶ 75, 118-119.

Nearly all of these Exhibits are the sources for statements Plaintiff alleges were false or misleading and which form the crux of his claims against Defendants.  Plaintiff repeatedly quotes Exhibits B, D and E in challenging statements related to Nextdoor's market size, growth potential, and user engagement metrics, and Plaintiff references and relies on Exhibit A and C in his factual allegations that underlie his Exchange Act claims.  Plaintiff's reliance on these Exhibits allows them to be incorporated by reference into the Amended Complaint.  *See Iron Workers Loc. 580 Joint Funds v. Nvidia Corp.*, 2020 WL 1244936, at *5 (N.D. Cal. Mar. 16, 2020) (incorporating by reference "SEC filings, conference presentations, earnings call transcripts, and articles that Plaintiffs allege contain false and/or misleading statements" because "the plaintiff refers extensively to the document[s] [and] the document[s] form[] the basis of the plaintiff's claim") (alterations in the original).  Furthermore, because each of the Exhibits to the Smith Declaration form the basis of Plaintiff's allegations and/or are the source of Plaintiff's challenged statements, the Court may consider them in their entirety in deciding the Motion to Dismiss.  *See In re Fastly, Inc. Sec. Litig.*, 2021 WL 5494249, at *5-7 (N.D. Cal. Nov. 23, 2021) (incorporating by reference SEC filings, earnings call transcripts, and conference presentations transcripts); *Boston Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at *2 (N.D. Cal. Aug. 7, 2020) (incorporating by reference SEC filings); *Park*, 2019 WL 1231175, at *6-7 (incorporating by reference SEC filings, earnings call transcripts, conference presentations transcripts, and content from a public webpage).

**B.      All Exhibits Are Properly Subject To Judicial Notice**

In addition, all Exhibits are properly considered by the Court in connection with the Motion to Dismiss pursuant to Federal Rule of Evidence 201.  Each Exhibit is not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  The Court should, therefore, judicially notice Exhibits A through E.

Exhibits A (IPO Prospectus), B (Proxy), C (11/3/21 Form 8-K), D (7/6/21 Form 8-K), E (CNBC interview transcript), and F (11/9/21 Form 4) are all documents that were publicly filed with the SEC and are therefore available to the public and investors through the SEC's website.

None is subject to reasonable dispute, and each can be accurately and readily determined via the SEC's website.  For these reasons, courts routinely take judicial notice of SEC filings in connection with motions to dismiss in securities class actions.  *See, e.g.*, *In re Aqua Metals, Inc. Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019) (taking judicial notice of SEC filings); *Russian Hill Cap., LP v. Energy Corp. of Am.*, 2016 WL 1029541, at *3, n.7 (N.D. Cal. Mar. 15, 2016) (same); *Metzler*, 540 F.3d at 1064 (9th Cir 2008) (SEC filings are subject to judicial notice); *Pardi v. Tricida, Inc*., 2022 WL 3018144, at *15 (N.D. Cal. July 29, 2022) (taking judicial notice of "SEC Form 4 Filings"). This Court should similarly take judicial notice of Exhibits A through F to assess the full context of the statements contained therein that Plaintiff challenges in the Amended Complaint.

**IV.     CONCLUSION**

The Khosla Defendants respectfully request that the Court consider Exhibits A through F in assessing the Motion to Dismiss.

Dated:  November 12, 2024                    LATHAM & WATKINS LLP

By: */s/ Colleen C. Smith*
      Colleen C. Smith

*Attorneys for Defendants Vinod Khosla, Samir Kaul, Peter Buckland, Khosla Ventures LLC, and Khosla Ventures SPAC Sponsor II LLC*