COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
SHANNON M. EAGAN (212830)
(seagan@cooley.com)
TIJANA M. BRIEN (286590)
(tbrien@cooley.com)
ANDREW C. JOHNSON (322069)
(acjohnson@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:   +1 650 843 5000
Facsimile:   +1 650 849 7400

Attorneys for Defendants
Nextdoor Holdings, Inc. and Sarah J. Friar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE J. ADAMO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NEXTDOOR HOLDINGS, INC. and SARAH J. FRIAR<br><br>Defendants. | Case No. 5:24-cv-01213-EJD<br><br>**CLASS ACTION**<br><br>**NEXTDOOR DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF NEXTDOOR DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date:   October 30, 2025<br>Time:   9:00 AM<br>Courtroom: 4<br>Judge:   Hon. Edward J. Davila |

COOLEY LLP
ATTORNEYS AT LAW

1

Pursuant to Federal Rule of Evidence 201, Nextdoor Holdings, Inc. ("Nextdoor" or the "Company") and Sarah J. Friar (collectively, "Nextdoor Defendants") respectfully request that this Court consider the twenty-three documents identified below in support of the Nextdoor Defendants' Motion to Dismiss (the "Motion") the Second Amended Class Action Complaint (the "SAC"), which are attached as Exhibits 1-23[1] to the Declaration of Andrew C. Johnson in Support of Defendants' Motion (the "Johnson Declaration"), filed concurrently herewith.

## I.    INTRODUCTION

The Court should consider Exhibits 1-23 listed in **Appendix A** hereto, because they are incorporated by reference in the SAC and/or are the proper subjects of judicial notice under Federal Rule of Evidence 201.

## II.    ARGUMENT

On a motion to dismiss, the Court must consider documents incorporated by reference into the complaint and matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Here, in granting Defendants' motion to dismiss Plaintiff's First Amended Complaint (the "FAC"), the Court already held that Exhibits 1-6, 10-12, 15-23 were properly subject to judicial notice because they were "relied upon in the FAC or [are] documents that are not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Hollingsworth v. Nextdoor Holdings, Inc.*, 2025 WL 1433820 at *6 (N.D. Cal. May 19, 2025). These same exhibits are again relied upon in the complaint (Exs. 1-6, 11, 16) or are subject to judicial notice for the same reasons previously held by the Court (Exs. 1-6, 10-12, 15-23). Because Exhibits 1-6, 10-12, 15-23 remain the same (though Exhibits 10-12, 15-23 have been renumbered), and the substance of the relevant allegations are unchanged, the Court should again incorporate by reference into the SAC and/or take judicial notice of them.

---

[1] Exhibits 1-6, 10-12, 15-23 are the same exhibits as those used in support of Defendants' Motion to Dismiss the Amended Class Action Complaint, though certain of these exhibits have been renumbered as shown in **Appendix A** hereto. *See* Dkt. Nos. 71, 72.

Defendants also request that the Court consider Exhibits 7-9 and 13-14 which are (1) a Form 8-K filed with the SEC on September 20, 2021 that attached Nextdoor's September 20, 2021 investor presentation (Ex. 7), two publicly available Nextdoor investor presentations from July 2, 2022 and September 13, 2022 (Exs. 8 & 9), and two analyst reports, dated May 11, 2022, discussing Nextdoor's Q1 2022 financial results (Exs. 13 & 14).  Each of these exhibits are the proper subjects of judicial notice.

**SEC Filing (Exhibit 7)**.  The Court previously took judicial notice of SEC filings, *Hollingsworth*, 2025 WL 1433820, at *6, and there is no reason for the Court not to do so again. In securities fraud cases, courts routinely take judicial notice of publicly available SEC filings because they are "matters of public record, not subject to reasonable dispute, and available from sources whose accuracy cannot reasonably be questioned—the SEC's public website." *Hurst v. Enphase Energy, Inc.*, 2021 WL 3633837, at *3 (N.D. Cal. Aug. 17, 2021) (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005)).  Here, Exhibit 7 is a Form 8-K, attaching Nextdoor's September 20, 2021 investor presentation, that was publicly filed with the SEC on September 20, 2021 and is therefore properly subject to judicial notice.  *See Costanzo v. DXC Tech. Co.*, 2020 WL 4284838, at *4 (N.D. Cal. July 27, 2020) (taking notice of SEC filings); *Metzler Inv. GMBH v. Corinthian Colleges, Inc.,* 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (noting SEC filings proper subject of judicial notice).

**Investor Presentations (Exhibits 8-9)**.  Courts may take judicial notice of "publicly available articles or other news releases of which the market was aware[,]" *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017), for the purpose of showing what information was available to the stock market and when.  *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (explaining judicial notice proper to "indicate what was in the public realm at the time," regardless of "whether the contents of those [documents] were in fact true.").  Exhibits 8-9 are publicly available investor presentations that Nextdoor made available on July 2, 2022 and September 13, 2022.  These exhibits are the proper subjects of judicial notice because they are documents in the public realm that show information available to the market regarding Nextdoor's "active user" definitions.

**Analyst Reports (Exhibits 13-14)**.  The Court previously took judicial notice of analyst reports, *Hollingsworth*, 2025 WL 1433820, at *6, and there is no reason for the Court not to do so again.  Courts "routinely take judicial notice of analyst reports," not for the truth of the matter, but to determine what the market was aware of and "what was or was not discussed in the public realm." *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020) (taking judicial notice of analyst reports for the purpose of showing "whether and when certain information was provided to the market"); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 6441843, at *5 (N.D. Cal. Dec. 9, 2013) (taking judicial notice of analyst reports).  Exhibits 13-14 are publicly available analyst reports that the Court should take judicial notice of "to establish 'whether and when certain information was provided to the market.'"  *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) (citing *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007)).

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court consider Exhibits 1-7, 11, 16 under the incorporation by reference doctrine and/or take judicial notice of Exhibits 1-23.

Dated:    July 31, 2025                    COOLEY LLP


By:    */s/ Tijana M. Brien*
    Tijana M. Brien

Attorneys for Defendants
Nextdoor Holdings, Inc. and Sarah J. Friar